O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER KOLLENBURN, an individual,<br><br>                              Plaintiff,<br><br>     v.<br><br>ARCHDIOCESE OF LOS ANGELES, ST. CAMILLUS CENTER FOR PASTORAL CARE, CHRISTOPHER PONNET, an individual, and Does 1 through 20, Inclusive.<br><br>                              Defendants. | CV 12-3768 RSWL (VBKx)<br><br>**ORDER Re: Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [4]** |

On June 20, 2012, Defendants Archdiocese of Los Angeles, St. Camillus Center for Pastoral Care, and Christopher Ponnet's ("Defendants") Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) came on for regular calendar before this Court [4].  The Court, having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

1

1     The Court hereby **GRANTS IN PART AND DENIES IN PART**

2 Defendants' Motion.

3 **I.  Background**

4     Plaintiff Christopher Kollenburn ("Plaintiff") is a

5 former grant writer for St. Camillus Center for

6 Pastoral Care, which is a ministry for the Archdiocese

7 of Los Angeles.  Both St. Camillus and the Archdiocese

8 are named defendants.  Plaintiff's supervisor was Fr.

9 Christopher Ponnet, also a named defendant.  FAC ¶¶ 2-

10 4.  During his employment, Plaintiff claims that he

11 suffered from both physical and mental disabilities,

12 including a knee condition and depression.  Plaintiff

13 alleges that Defendants terminated him from employment

14 on April 30, 2009 in retaliation for taking disability

15 leave.  FAC ¶ 24.

16     Plaintiff's First Amended Complaint ("FAC") asserts

17 four claims all related to his alleged employment

18 discrimination.  On May 8, 2012, Defendants filed the

19 present Motion, seeking to dismiss the FAC in its

20 entirety [4].

21 **II.  Legal Standard**

22     In a motion to dismiss brought under Federal Rule

23 of Civil Procedure 12(b)(6), the Court must presume all

24 non-conclusory, factual allegations of the complaint to

25 be true and draw all reasonable inferences in favor of

26 the non-moving party.  Klarfeld v. United States, 944

27 F.2d 583, 585 (9th Cir. 1991).  A dismissal can be

28 based on the lack of a cognizable legal theory or the

1  lack of sufficient facts alleged under a cognizable

2  legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901

3  F.2d 696, 699 (9th Cir. 1988).

4  **III. <u>Analysis</u>**

5      **A.   Defendants' Request for Judicial Notice**

6          As a preliminary matter, the Court hereby **GRANTS in**

7  **Part and DENIES in Part** Defendants' Request for

8  Judicial Notice.  The Court **GRANTS** Defendants' Request

9  as it pertains to Plaintiff's Complaint to California's

10  Department of Fair Housing and Employment (Exhibit A).

11  The Court finds that this document is judicially

12  noticeable because the Court may look beyond the

13  pleadings when considering a motion to dismiss for

14  failure to exhaust nonjudicial remedies.  <u>Wyatt v.</u>

15  <u>Terhune</u>, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

16  Failure to exhaust nonjudicial remedies is the grounds

17  for dismissal of the first claim in the FAC.  The

18  Court, however, **DENIES as Moot** Defendants' Request as

19  it pertains to the Archdiocese's Articles of

20  Incorporation (Exhibit B).  The Court finds that this

21  document is not necessary to the Court's analysis.

22      **B.   Plaintiff's First Claim - Employment**

23           **Discrimination in Violation of the ADA**

24          The Court **GRANTS** Defendants' Motion to Dismiss as

25  it pertains to Plaintiff's First Claim for Employment

26  Discrimination under the Americans with Disabilities

27  Act ("ADA").

28          A failure to exhaust nonjudicial remedies is

treated as a matter in abatement, which is subject to
an unenumerated Rule 12(b) motion to dismiss.  Wyatt,
315 F.3d at 1120; Ritza v. Int'l Longshoremen's &
Warehousemen's Union, 837 F.2d 365, 368-69 (9th Cir.
1988).  Under the ADA, an individual plaintiff must
first exhaust administrative remedies, by filing a
timely EEOC complaint, against the allegedly
discriminatory party before bringing suit in federal
court.  See 42 U.S.C. § 12117; Josephs v. Pac. Bell,
443 F.3d 1050, 1053-54 (9th Cir. 2006).  When a State
or local agency, like California, has the authority to
grant or seek relief, the individual plaintiff's claim
must be filed within 300 days of the claimed event of
discrimination.  42 U.S.C. § 2000e-5(e)(1); see also
Josephs, 443 F.3d at 1053-54.

    Here, Plaintiff was terminated from his employment
with Defendants on April 30, 2009.  FAC ¶ 24.
Accordingly, under 42 U.S.C. § 2000e-5(e)(1), he needed
to file a complaint sometime around the end of February
2010.  See Josephs, 443 F.3d at 1053-54.  However,
Plaintiff did not file a complaint with California's
Department of Fair Employment and Housing until April
29, 2010.  See Ex. A.  Upon review, the Court finds
that the complaint to California's Department of Fair
Employment and Housing was filed 64 days late, well
beyond the 300 day statutory time period from the date
of termination.  Therefore, Plaintiff failed to exhaust
administrative remedies before filing his claim under

the ADA.

Accordingly, the Court **GRANTS** Defendants' Motion as to this claim and **DISMISSES** Plaintiff's first claim for Employment Discrimination in Violation of the ADA **without leave to amend**.   The Court dismisses this claim without leave to amend because Plaintiff cannot remedy his failure to file a timely EEOC complaint.

### C.   Plaintiff's Second Claim - Retaliation for Exercising Rights Under the CFRA

The Court **DENIES** Defendants' Motion to Dismiss as to Plaintiff's Second Claim for Retaliation for Exercising Rights under the California Family Rights Act ("CFRA").

Defendants argue that they are exempt from liability as a religious association because the CFRA is a part of California's Fair Employment and Housing Act ("FEHA"). Nelson v. United Techs., 74 Cal. App. 4th 597, 606 (1999); Faust v. California Portland Cement Co., 150 Cal. App. 4th 864, 878 (2007).   FEHA's general definition of an "employer" contains an explicit exemption for religious associations.   Cal. Gov't. Code § 12926(d)("'Employer' does not include a religious association or corporation not organized for private profit.").

However, the Court finds that Defendants' argument that they are exempt from liability under the CFRA is premature at this stage of the case.   The CFRA defines an employer as "any person who directly employs 50 or

more persons to perform services for a wage or salary."
Cal. Gov't Code § 12945.2(c)(2).  The plain language of
the CFRA definition for "employer" does not include a
religious association exemption nor does it make
reference to the FEHA definition of "employer."  Id.
Moreover, the definition of an employer in the CFRA is
preceded by the words "for the purposes of this
section."  Id.  Those words imply that the CFRA's
definition may be different than the definition of an
employer in other statutes.  Furthermore, under FEHA,
the definition of an employer can be different if a
"different meaning clearly appears from the context."
Cal. Gov't. Code § 12926.  As already stated, in the
context of the CFRA, the Court finds no explicit
religious association exemption.

Accordingly, the Court **DENIES** Defendants' Motion to
Dismiss as to Plaintiff's second claim for Retaliation
for Exercising Rights under the CFRA.

### D.   Plaintiff's Third Claim

The Court **GRANTS** Defendants' Motion to Dismiss as
it pertains to Plaintiff's Third Claim.

A well-pleaded complaint must give the defendant
fair notice of what the claim is and the grounds upon
which it rests.  Bell Atl. Corp. v. Twombly, 550 U.S.
544, 564 (2007).  Here, Plaintiff's third claim is
problematic because it is difficult to determine the
nature of the claim.  On the first page of the FAC,
Plaintiff labels the third claim as Retaliation for

1  Exercising Rights Under FMLA [1].  However, within the
2  pleading itself, Plaintiff has labeled the third claim
3  as Retaliation for Exercising Rights Under CFRA.  FAC
4  ¶53-60.  Plaintiff references both the CFRA and the
5  Family and Medical Leave Act ("FMLA") in this portion
6  of the FAC.  Id.  Therefore, the Court cannot determine
7  whether the claim arises under state or federal law.
8  Accordingly, the Court finds that Plaintiff has failed
9  to state a cognizable legal theory to support the third
10 claim.

11     For these reasons, the Court **GRANTS** Defendants'
12 Motion as to Plaintiff's third claim and **DISMISSES** this
13 claim with **20 days leave to amend.**  The Court finds
14 that Plaintiff may be able to clarify the nature of the
15 third claim.

16     As a result of this order, the only remaining claim
17 in this Action is Plaintiff's second claim, which is
18 Plaintiff's state law CFRA claim.  Unless the third
19 claim is amended to be a federal claim, the Court will
20 lack federal question jurisdiction over this Action and
21 may remand this case.

22     **E.   Plaintiff's Fourth Claim - Wrongful Termination**
23           **in Violation of Public Policy**

24     The Court **GRANTS** Defendants' Motion to Dismiss as
25 to Plaintiff's Fourth Claim for Wrongful Termination in
26 Violation of Public Policy.

27     A court may dismiss a claim under Rule 12(b)(6) as
28 barred by the statute of limitations "only when 'the

7

running of the statute is apparent on the face of the complaint.'"  <u>Von Saher v. Norton Simon Museum of Art at Pasadena</u>, 592 F.3d 954, 969 (9th Cir. 2010)(quoting <u>Hyunh v. Chase Manhattan Bank</u>, 465 F.3d 992, 997 (9th Cir. 2006)).  In California, discharge of an employee in violation of public policy gives rise to a tort action, which carries a two year statute of limitations.  <u>See</u> <u>Lamke v. Sunstate Equip. Co., LLC</u>, 387 F. Supp. 2d 1044, 1051 (N.D. Cal. 2004)(quoting <u>Barton v. New United Motor Mfg.</u>, 43 Cal. App. 4th 1200, 1205 (1996)); Cal. Code of Civ. Pro. § 335.1. Accordingly, the applicable statute of limitations here is two years.

Plaintiff was terminated from his employment with Defendants on April 30, 2009.  FAC ¶ 24.  Since accrual of the statute of limitations for a wrongful termination claim begins at the time of termination, Plaintiff needed to file his claim by April 30, 2011. <u>See</u> <u>Romano v. Rockwell Int'l, Inc.</u>, 14 Cal. 4th 479, 501 (1991).  However, Plaintiff filed his original Complaint on August 4, 2011, which the Court finds was four months after the statute of limitations had expired [1].

The Court also finds that the expiration of the statute of limitations is apparent from the face of the Complaint, satisfying the appropriate procedural standard for a motion to dismiss.  <u>Von Saher</u>, 582 F.3d at 969.  Plaintiff has pled the date of his termination

in the FAC and the filing date is stamped on the front page of the original Complaint.

Accordingly, the Court **GRANTS** Defendants' Motion as to this claim and **DISMISSES** Plaintiff's fourth claim for Wrongful Termination in Violation of Public Policy **without leave to amend**.  Since the claim is barred by the statute of limitations, granting leave to amend cannot remedy the deficiency.

**IV. Conclusion**

For the reasons stated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

DATED: June 25, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge